IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA



Filed/Docketed
Aug 11, 2020

| | |
|---|---|
| IN RE:<br><br>SHELDON E. LANDON,<br><br>       Debtor. | Case No. 19-11005-M<br>Chapter 7 |
| CHRISTOPHER W. KANAGA and<br>LARAJA & KANAGA, P.C.,<br><br>       Plaintiffs,<br><br>v.<br><br>SHELDON E. LANDON,<br><br>       Defendant. | Adversary No. 19-01038-M |

## MEMORANDUM OPINION

Before the Court is the Plaintiffs' Motion for Summary Judgment (the "Motion"),[1] filed by Christopher W. Kanaga ("Kanaga" or "Mr. Kanaga") and Laraja & Kanaga, P.C. (collectively "Plaintiffs"); a Response,[2] filed by Sheldon E. Landon ("Defendant"); and a Reply,[3] filed by Plaintiffs. Plaintiffs hold multiple state court judgments against Defendant and filed this adversary proceeding to except two of those judgments from discharge in Defendant's present bankruptcy

---

[1] Docket No. 36.

[2] Docket Nos. 42 and 43. Defendant's Response is spread across two sprawling pleadings. Although Plaintiffs raised the issue that the pleadings did not conform with the Court's local rule regarding page limitations for a response to a motion for summary judgment, they did not expressly object to the Court's consideration of both pleadings. After review, the Court determines that it will consider the pleadings together to make up the Defendant's Response to the Motion.

[3] Docket No. 53.

case.[4] The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7056.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[5] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

The United States Court of Appeals of the Tenth Circuit has held that

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id*. Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).

The Court will apply this standard to the Motion.

---

[4] The Court notes that Plaintiffs discuss numerous other judgments and grievances against Defendant in both the Complaint and the Motion, but concludes that they seek a finding of non-dischargeability for only the two judgments discussed herein. *See* Complaint, at Docket No. 1. Because the Court cannot find reason to muddy the analysis, the Court will restrict its discussion of facts and law to those judgments that Plaintiffs seek to be held excepted from discharge.

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

**Findings of Fact**

Kanaga is an individual who resides in Massachusetts. Laraja & Kanaga, P.C. is a Massachusetts professional corporation. Both are judgment creditors of Defendant. On May 14, 2019, Defendant filed a petition for relief under chapter 7 of the United States Bankruptcy Code, Case No. 19-11005-M.

*1. The Defamation Judgment*

Long before these matters reached the present forum, Plaintiffs filed an action in Massachusetts Trial Court, Barnstable Superior Court Department (the "Massachusetts Court"), Civil Action No. 1572-00335, against Defendant for defamation (the "Defamation Action"), based on an allegedly defamatory Facebook post, among other statements. Plaintiff Kanaga was awarded a judgment after a trial on the merits before a jury (the "Defamation Judgment").[6] In the Defamation Action, with respect to Kanaga's claim only, a Massachusetts jury found that:

> a. "Plaintiff Christopher Kanaga has proved by preponderance of the evidence that [Defendant] published one or more of the following statements of and concerning Mr. Kanaga and that they were false: [1] he attempted to pay off [Defendant]'s own lawyers; [2] he attempted to pay off judges; and [3] he attempted to pay off members of law enforcement, including a police officer from Cohasset."
> b. "[Defendant] published the false and defamatory statement or statements either negligently, or recklessly or intentionally[.]"
> c. The amount of $100,000 "would fairly and reasonably compensate Mr. Kanaga for damages caused by [Defendant] in defaming him[.]"[7]

In addition, the jury answered the following "additional advisory factual questions for the benefit of the court":

---

[6] Docket No. 36-4.

[7] Docket No. 36-3 at 1–2. Although Defendant denies making the defamatory statements, she does not raise a genuine dispute that Kanaga *alleged* that she made such statements, or that a Massachusetts jury ultimately found that she made such false statements by a preponderance of the evidence.

> Do you find by clear and convincing evidence that [Defendant] published one or more of the following statements either knowing that they were false or in reckless disregard as to whether each statement was false: [1] Mr. Kanaga attempted to pay off [Defendant]'s own lawyers; [2] Mr. Kanaga attempted to pay off judges; and [3] Mr. Kanaga attempted to pay off members of law enforcement, including a police officer from Cohasset.[8]

The jury answered each question in the affirmative. On February 21, 2019, the Massachusetts Court entered the Defamation Judgment based on the jury verdict in the amount of $144,064.90, which included the jury's damages, court costs, and pre-judgment interest.[9] The Defamation Judgment is currently on appeal by Defendant.[10]

*2. The Sanctions Judgment*

The parties were simultaneously engaged in litigation in Oklahoma, where Plaintiffs filed an action against Defendant pursuant to the Uniform Enforcement of Foreign Judgments Act in the District Court in and for Tulsa County, Oklahoma (the "Tulsa County Court"), Case No. CV-2016-1634 (the "Tulsa County Action").[11] On August 1, 2017, Plaintiffs filed a motion for sanctions against Defendant in the Tulsa County Action, which was served on Defendant the same day.[12] Defendant filed a response, with permission of the Tulsa County Court.[13] On August 25, 2017, Defendant was given notice of a hearing to be held on September 28, 2017, regarding the

---

[8] *Id.* at 3.

[9] Docket No. 36-4.

[10] Docket No. 56-10, at 332.

[11] At some point, this action was consolidated with Tulsa County Court Case Number CJ-2018-3751. Reference to the "Tulsa County Action" will therefore include both cases.

[12] Docket No. 54-2, at 194, 201.

[13] Docket No. 54-3, at 1.

Plaintiffs' motion for sanctions.[14] On September 28, 2017, the Tulsa County Court held the hearing on Plaintiffs' motion, at which Defendant did not appear.[15] On that same day, the Tulsa County Court entered a journal entry making various findings and awarding unspecified fees to Plaintiffs. On October 11, 2017, the Tulsa County Court reiterated its findings and entered a judgment for sanctions against Defendant (the "Sanctions Judgment") in the amount of $5,591.45.[16] In the Sanctions Judgment, the Tulsa County Court found:

> 1. The Defendant has violated OKLA. STAT. tit. 12, § 2011(B) by filing herein the: (1) February 16, 2017 Motion to Vacate; (2) March 6, 2017 Motion to Dismiss Court Order for "Judgment Debtor" to Attend March 9-17 Hearing; (3) April 4, 2017 Motion to Stay Enforcement of Judgment; and (4) July 14, 2017 Motion to Vacate Bond, Order of Judgment.
> 2. Defendant's pleadings were presented improperly and frivolously to harass, unnecessarily delay, and needlessly increase the cost of the litigation.
> 3. Defendant's pleadings did, in fact, unnecessarily delay and needlessly increase the cost of the litigation.
> 4. Defendant's pleadings contained claims, defenses, and other legal contentions that were unwarranted by existing law.
> 5. Defendant's pleadings contained allegations and factual contentions that did not have evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
> 6. Defendant's pleadings contained denials of factual contentions that were not warranted on the evidence.
> 7. Defendant's behavior with respect to this litigation was conducted in bad faith and was oppressive.
> 8. Defendant should be sanctioned therefor and Plaintiffs are entitled to an award of their attorney fees and costs incurred herein.[17]

Section 2011(B) of title 12 of the Oklahoma Statutes, which the Tulsa County Court found Defendant to have violated, states:

---

[14] Docket No. 54-7, at 1-2.

[15] Docket No. 54-1, at 14 (entry dated 9/28/2017).

[16] Docket No. 54-7, at 36.

[17] Docket No. 54-7, at 36-37.

> B. REPRESENTATIONS TO COURT. By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> 1. It is not being presented for any improper or frivolous purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> 2. The claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> 3. The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.[18]

Section 2011(C) of title 12 states:

> C. SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subsection B of this section has been violated, the court shall, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subsection B of this section or are responsible for the violation.
>
> . . .
>
> 2. NATURE OF SANCTIONS; LIMITATIONS. A sanction imposed for violation of this section shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs a, b and c of this paragraph, the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys fees and other expenses incurred as a direct result of the violation.
>
> . . .
>
> 3. ORDER. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed.[19]

---

[18] Okla. Stat. tit 12, § 2011(B).

[19] *Id.* at § 2011(C).

Section 2011(E) of title 12 defines the term "frivolous", as used in that section, to mean "the action or pleading was knowingly asserted in bad faith or without any rational argument based in law or facts to support the position of the litigant or to change existing law."[20]

The judgment roll of the Tulsa County Action shows that the Sanctions Judgment was served on Defendant the day it was issued.[21] There is no indication in the record of the Tulsa County Action that the Sanctions Judgment has been appealed. The Sanctions Judgment is now final.[22]

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

### Conclusions of Law

Plaintiffs filed this adversary proceeding asserting that the debts represented by the Defamation Judgment and the Sanctions Judgment (the "State Court Judgments") should be excepted from discharge pursuant to § 523(a)(6). In the Motion, Plaintiffs allege that facts necessary to support a finding of non-dischargeability have been established by the State Court Judgments, and that this Court is prevented from reconsidering those issues under the doctrine of collateral estoppel, or issue preclusion. Although the basis of Defendant's objection to the Motion is difficult to decipher, the Court interprets it as a general objection to the application of the

---

[20] *Id*. at § 2011(E).

[21] Docket No. 54-7, at 38.

[22] *Nealis v. Baird*, 996 P.2d 438, 459 (Okla. 1999) ("A final judgment is one in which no appeal has been perfected within the time allotted by law or one in which an appeal has been properly perfected and acted upon by the highest court whose review has been sought."). *See also* Okla. Stat. tit. 12, § 990A ("A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court.").

doctrine of issue preclusion to preclude further Court inquiry into the dischargeability of Plaintiffs' claims.

Plaintiffs base their claims of non-dischargeability on § 523(a)(6) of the Bankruptcy Code, which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt —
>   (6)  for willful and malicious injury by the debtor to another entity or the property of another entity.[23]

"Nondischargeability under 523(a)(6) requires proof of two elements–that the injury is both willful and malicious."[24]  In the Tenth Circuit, in order for conduct to be willful under § 523(a)(6), "the debtor must desire . . . [to cause] the consequences of his act or . . . believe [that] the consequences are substantially certain to result from it."[25]  The test is subjective:  the creditor must prove "that the debtor either *intend the resulting injury* or intentionally take action that is *substantially certain to cause the injury*."[26]  "For a debtor's actions to be malicious, they have to be intentional, wrongful, and done without justification or excuse."[27]  "In sum, the 'willful and malicious injury' exception to dischargeability in § 523(a)(6) turns on the state of mind of the debtor, who must have wished to cause injury or at least believed it was substantially certain to occur. When injury was

---

[23] § 523(a)(6).

[24] *In re Shore*, 317 B.R. 536, 542 (10th Cir. BAP 2004) (citing *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004)).

[25] *In re Moore*, 357 F.3d at 1129 (quoting *Mitsubishi Motors Credit of Am., Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999)).

[26] *Id.* (emphasis added) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

[27] *In re Wormington*, 555 B.R. 794, 800 (Bankr. W.D. Okla. 2016).

'neither desired nor in fact anticipated by the debtor,' it is outside the scope of the statute."[28] In making this evaluation, "the court must determine what the debtor knew or intended with respect to the consequences of his actions."[29] The United States Supreme Court has held that § 523(a)(6) is restricted to "intentional torts," i.e., those that "require that the actor intend 'the *consequences* of an act,' not simply 'the act itself.'"[30] In doing so, the Court found that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."[31]

The validity of a creditor's claim is determined by rules of state law.[32] When a federal court reviews the preclusive effect of a state court judgment, the full faith and credit statute directs a federal court to look to the preclusion law of the state in which the judgment was rendered.[33] Courts use the doctrine of issue preclusion to prevent the relitigation of issues or facts raised in a second suit on a separate claim between the parties. It is settled law that "the doctrine of issue preclusion, does, under appropriate circumstances, apply in discharge exception proceedings pursuant to § 523(a)."[34] Because each of the State Court Judgments involve different state law, the Court will address them separately.

---

[28] *In re Englehart*, No. 99-3339, 229 F.3d 1163, 2000 WL 1275614 (10th Cir. Sept. 8, 2000) (unpublished) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)).

[29] *In re Shore*, 317 B.R. at 542.

[30] *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998) (citing Restatement (Second) of Torts § 8A, cmt. a, at 15 (1964)).

[31] *Id.* at 64.

[32] *Grogan v. Garner*, 498 U.S. 279, 283 (1991).

[33] 28 U.S.C. § 1738. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (citing 28 U.S.C. § 1738).

[34] *Grogan v. Garner*, 498 U.S. at 285 n.11.

*1. Defamation Judgment*

In Massachusetts,

> collateral estoppel precludes relitigation of issues in prior actions between the parties or those in privity with those parties, provided the issues were actually litigated in the first action, and determined by a "final judgment on the merits." *Smith Barney, Inc. v. Strangie (In re Strangie),* 192 F.3d 192, 194 (1st Cir.1999). To apply the doctrine, a court must determine that: (1) there was a valid and final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior litigation; (3) the issue in the prior adjudication is identical to the issue in the current litigation; and (4) the issue in the prior litigation was essential to the earlier judgment. *Alba v. Raytheon Co.,* 441 Mass. 836, 809 N.E.2d 516, 521 (2004) (citations omitted). The Supreme Judicial Court of Massachusetts has noted that "the 'guiding principle' in determining whether to allow a party to use collateral estoppel is whether the party against whom it is asserted had a 'full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.'" *Treglia v. MacDonald,* 430 Mass. 237, 717 N.E.2d 249, 253 (1999) (quoting *Martin v. Ring,* 401 Mass. 59, 514 N.E.2d 663 (1987)).[35]

As the party asserting the doctrine of issue preclusion, Plaintiffs have the burden of proving that all the requirements have been met.[36] "To meet this burden, the moving party must have pinpointed the exact issues litigated in the prior action and introduced a record revealing the controlling facts."[37]

The Defamation Judgment resulted from a jury verdict after trial on the merits. Defendant strenuously argues that the Motion is doomed because the Defamation Judgment is currently on appeal, and therefore can have no preclusive effect in this Court. Plaintiffs point to the case of

---

[35] *In re Swasey*, 488 B.R. 22, 33 (Bankr. D. Mass. 2013) (quoting *Backlund v. Stanley-Snow (In re Stanley-Snow)*, 405 B.R. 11, 18 (1st Cir. BAP 2010)). *See also In re Porcaro*, 545 B.R. 384 (1st Cir. BAP 2016); *Kobrin v. Bd. of Registration in Med*., 843–44, 832 N.E.2d 628, 634 (Mass. 2005).

[36] *In re Porcaro*, 545 B.R. at 395.

[37] *Id.* at 395-96 (citing *In re Bradley*, 466 B.R. 582 (1st Cir. BAP 2012)).

*O'Brien v. Hanover Insurance Company*,[38] decided by the Supreme Judicial Court of Massachusetts, which held that "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal."[39] Despite assurances that her attorneys tell her otherwise, Defendant provides no contrary authority. Therefore, the Court finds that the Defamation Judgment meets the requirement of finality under Massachusetts law, despite its current status on appeal. The Court also has little difficulty concluding that the parties to the Defamation Action are the same parties to this proceeding, satisfying the second requirement for preclusion.

The Court finds that the same issue of Defendant's defamation of Kanaga is at the heart of both the Defamation Action and the present proceeding. Where Plaintiffs stumble is proving that the question of "willful and malicious injury" under § 523(a)(6) was actually litigated and determined, i.e., resolved by the jury, in the Defamation Action. Finding it was not, the Court must deny the Motion with respect to the Defamation Judgment.

In Massachusetts, four elements are required to establish a claim for defamation: (1) that "[t]he defendant made a statement, concerning the plaintiff, to a third party"; (2) that the statement was defamatory such that it "could damage the plaintiff's reputation in the community"; (3) that "[t]he defendant was at fault in making the statement"; and (4) that "[t]he statement either caused the plaintiff economic loss ... or is actionable without proof of economic loss."[40] "Reckless disregard as to truth or falsity exists when there is a high degree of awareness of probable falsity

---

[38] 692 N.E.2d 39, 44 (Mass. 1998).

[39] *Id*. at 43.

[40] *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012) (quoting *Ravnikar v. Bogojavlensky*, 438 Mass. 627, 782 N.E.2d 508, 510–11 (2003)).

or serious doubt as to the truth of the statement."[41] Plaintiffs note that under Massachusetts law, a finding of reckless disregard is the equivalent to a finding of "actual malice."[42]

Under § 523(a)(6), in order to establish a claim that a defamatory statement is not dischargeable, a creditor must demonstrate: (1) the debtor *intentionally* published a false and defamatory statement (willful);[43] (2) the debtor *knew* that the defamatory statement was false (malicious);[44] 3) the debtor *intended* to harm the person about whom the statement concerned

---

[41] Restatement (Second) of Torts § 600 (1977). *See also HipSaver, Inc. v. Kiel*, 984 N.E.2d 755, 768 (Mass. 2013) ("There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice.") (quoting *St. Amant v. Thompson,* 390 U.S. 727, 731(1968)).

[42] *See e.g., HipSaver, Inc. v. Kiel*, 984 N.E.2d at 767 ("'Actual malice' is proved by showing that a defendant published a defamatory statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'") (footnote and citations omitted).

[43] Restatement (Second) of Torts § 558 ("To create liability for defamation there must be: (a) a false and defamatory statement concerning another;"). By definition, to create liability for defamation, a statement must be false. Restatement (Second) of Torts § 581A ("One who publishes a defamatory statement of fact is not subject to liability for defamation if the statement is true."); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 340 (1974) ("But there is no constitutional value in false statements of fact.").

[44] *In re Faller*, 547 B.R. 766, 771 (Bankr. W.D. Ky. 2016) ("Courts in the Sixth Circuit have held that a defamatory statement is not "malicious" unless the debtor knew the statement was false when he made it.") (citing *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir.1986)).

(willful);[45] and (4) there was *no just cause or excuse* for making the statement (malicious).[46] "Intent," in this context, requires that "the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it."[47]

The Defamation Judgment establishes that: 1) Defendant made false statements concerning Kanaga; 2) the false statements were defamatory; 3) Defendant published the false and defamatory statements "***EITHER*** negligently, ***OR*** recklessly ***OR*** intentionally"; and 4) the false and defamatory statements caused damage of $100,000 to Kanaga.[48] In addition, the jury found that Defendant published the statements "***EITHER*** knowing that they were false ***OR*** in reckless disregard as to whether each statement was false."[49]

Comparing the elements required to be proved under the § 523(a)(6) analysis of "willful and malicious" to the issues established by the Defamation Judgment, the differences are readily

---

[45] *See Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998) ("[s]ituations in which an act is intentional, but injury is unintended, *i.e.,* neither desired nor in fact anticipated by the debtor," do not fall within the § 523(a)(6) exception); *In re Moore*, 357 F.3d 1125, 1129 (10th Cir. 2004) (". . . .unless a debt is the result of a willful and malicious act intended to do injury to a person, the debt is discharged."); *Mitsubishi Motors Credit of Am., Inc. v. Longley (In re Longley)*, 235 B.R. 651, 656 (10th Cir. BAP 1999) ("The Supreme Court held . . . that § 523(a)(6) requires that a debtor intend to injure either a creditor or a creditor's property. . . . This narrow reading of 'willful' is akin to the standard of deliberate injury necessary for an intentional tort."); *In re Ellerbee*, 177 B.R. 731, 740 (Bankr. N.D. Ga. 1995) ("Hence, a willful injury for purposes of section 523(a)(6) is an injury that the debtor intended to cause or that the debtor knew was substantially certain to be the consequence of his acts.").

[46] *In re Pasek*, 983 F.2d 1524, 1527 (10th Cir. 1993) ("In each case, evidence of the debtor's motives, including any claimed justification or excuse, must be examined to determine whether the requisite "malice" in addition to "willfulness" is present.").

[47] *In re Longley*, 235 B.R. at 657 (quoting Restatement (Second) of Torts § 8A (1965)).

[48] Docket No. 56-10, at 274-275. (emphasis added).

[49] *Id*. at 276 (emphasis added). Because the Court finds this element lacks a sufficient finding regarding Defendant's mental state, it will not consider whether it was essential to the Defamation Judgment for purposes of issue preclusion.

apparent. Liability for an actionable claim of defamation under Massachusetts law requires that the defendant act with *at least* negligence, which Plaintiffs have established.[50] The Plaintiffs' proposed jury instruction to the Massachusetts jury acknowledged that to recover on their claims, they need only prove that the false and derogatory statement was published as a result of Defendant's negligence.[51] The Massachusetts jury also made a finding that Defendant acted with *at least* reckless disregard for whether the statements were false. Although the Defamation Judgment may be construed as a finding of "actual malice" under Massachusetts law, such requires a lesser "reckless disregard" standard for intent than required by the "willful and malicious injury" standard of § 523(a)(6).[52] But as noted in *Geiger* and countless subsequent lower court decisions, neither negligence, recklessness, nor reckless disregard rise to the standard of intent required by § 523(a)(6).[53]

---

[50] *See also HipSaver, Inc. v. Kiel*, 984 N.E.2d 755, 768 (Mass. 2013) ("[A] plaintiff who is deemed to be a private figure may recover for defamation by proving the negligent publication of a defamatory falsehood.").

[51] *See* Docket No. 56-10, at 130, 148 ("INSTRUCTION NO. 15; **Negligence**; To recover on their claims, the Plaintiffs must also prove by a preponderance of the evidence that a false and defamatory statement was published as a result of the Defendant's failure to exercise the degree of care in determining whether the statement was true or false that would be exercised by a reasonably prudent person in the same or similar circumstances. Under this standard, a defendant is required to act reasonably in checking the truth or falsity of the statement before publishing it."). It is not clear from the record whether these instructions were ever read to the jury, but it is significant that Plaintiffs acknowledge that the lesser standard applied.

[52] *See In re Muhs*, 923 F.3d 377, 387-88 (4th Cir. 2019) ("We cannot conclude that just because the words are the same, the meaning is also the same.") (comparing the meaning of "willful and malicious" under Alaska law to the meaning of "willful and malicious" under the Bankruptcy Code, finding them sufficiently different to conclude application of collateral estoppel to an Alaska judgment was not warranted).

[53] *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998) ("We hold that debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."); *In re Muhs*, 923 F.3d at 385; *In re Bradley*, 466 B.R. 582, 588 (1st Cir. BAP 2012) ("The majority of courts that have considered the issue have concluded that a state court judgment that could have been based on reckless disregard is not the equivalent of the substantial certainty required by

Construing the facts established by the Defamation Judgment in a light most favorable to Defendant, as required at the summary judgment stage, the Court cannot find that Defendant's state of mind regarding the falsity of the statements has been established for purposes of issue preclusion. Plaintiffs will be required to present additional evidence on that issue in order to prevail under § 523(a)(6).

Plaintiffs try to divert the Court's attention from evidence of Defendant's state of mind required under § 523(a)(6) by stating that they have proven Defendant is liable for "actual malice" or "constitutional malice" under Massachusetts law. They argue the heightened jury finding that Defendant's knowledge was proved by clear and convincing evidence is enough to get them over the goal line. Unfortunately for Plaintiffs, it is not the burden of proof that dooms the use of the Defamation Judgment for purposes of collateral estoppel; it is the fact the jury verdict allows for Defendant's "reckless disregard" of the consequences of her actions.

Having found the Defamation Judgment does not establish the element of willfulness under § 523(a)(6) with regard to Defendant's mental state, the Court will not further inquire into the other elements Plaintiffs must prove at trial. In the Motion, Plaintiffs seek a determination that the Defamation Judgment generally estops this Court from finding its claim dischargeable, but they

---

§ 523(a)(6)."); *In re Williams*, 337 F.3d 504, 508 (5th Cir. 2003); *In re Kennedy*, 249 F.3d 576, 580 (6th Cir. 2001); *Lockerby v. Sierra*, 535 F.3d 1038, 1041 (9th Cir. 2008); *In re Simpson*, 226 B.R. 284, at *3 (10th Cir. BAP 1998) (unpublished opinion); *In re Longley*, 235 B.R. 651, 656 (10th Cir. BAP 1999); *In re Vickery*, 526 B.R. 872, 880 (D. Colo. 2015) (" The jury . . . found that the Debtor . . . acted "maliciously," "oppressively," and in 'reckless disregard of [creditors'] rights.' None of these findings meets the standard of 'willful and malicious injury' set forth under § 523(a)(6). Debts arising from reckless injuries do not fall within the scope of willful and malicious injury."); *In re Chavez*, 614 B.R. 874, 889 (Bankr. D.N.M. 2020) ("The 'malicious' component of § 523(a)(6) requires conduct more culpable than recklessness."); *In re Oslin*, 584 B.R. 363, 370-71 (Bankr. N.D. Okla. 2018); *In re White*, 519 B.R. 832, 839 n.21 (Bankr. N.D. Okla. 2014); *In re Nevarez*, 415 B.R. 540, 546 (Bankr. D.N.M. 2009) ("Non-dischargeability under 11 U.S.C. § 523(a)(6) was not intended to cover reckless or negligent behavior.").

do not articulate the separate elements needed for such a determination under § 523(a)(6). The Court is loath to address the preclusive effect of the Defamation Judgment on individual factual and legal issues that the Plaintiffs themselves do not raise. If Plaintiffs feel specific issues of fact or law are established by the Defamation Judgment under the doctrine of issue preclusion, they may raise those matters at trial. The Motion must be denied with respect to the Defamation Judgment.

*2. Sanctions Judgment*

Under Oklahoma law, "[i]ssue preclusion may apply when the party to be precluded has had an opportunity and incentive to litigate a particular issue and has lost on that issue."[54] "For the doctrine to act as a bar in a subsequent proceeding, there must be a final judgment or order in an earlier proceeding that decides an issue again sought to be raised in the later proceeding."[55] The Oklahoma Supreme Court provides the following summary of the law:

> Parties are also precluded in subsequent actions from relitigating any distinct issues of fact or law necessary to the judgment in the prior case. This "issue preclusion" or "collateral estoppel," as we call it, "prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies" where the parties had a "full and fair opportunity" to litigate the issue. An issue is "actually litigated" if "it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined," and the issue is "necessarily determined" if "the judgment would not have been rendered but for the determination of that issue."[56]

---

[54] *Miller v. Miller*, 956 P.2d 887, 897 (Okla. 1998).

[55] *State ex rel. Dept. of Transp. v. Little*, 100 P.3d 707, 720 (Okla. 2004).

[56] *Martin v. Phillips*, 422 P.3d 143, 145 (Okla. 2018) (citing *Nealis v. Baird*, 996 P.2d 438, 458 (Okla. 1999) (which itself cites Restatement (Second) Judgments, § 27 cmt. d (1982)). *See also In re Zwanziger*, 741 F.3d 74, 77 (10th Cir. 2014) (applying Oklahoma law) ("Issue preclusion ... bars successive litigation of [1] *an issue of fact or law* [2] *actually litigated and resolved* in a valid court determination [3] *essential* to the prior judgment, even if the issue recurs in the context of a different claim.") (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); emphasis added by *Zwanziger* court; internal quotation marks omitted).

To prevail, Plaintiffs must show that the elements of nondischargeability under § 523(a)(6)—a willful and malicious injury by the debtor to another entity—were actually litigated and determined in the Tulsa County Action, that the determination of those issues were essential to the Sanctions Judgment, and that Defendant had a full and fair opportunity and incentive to litigate those issues in the Tulsa County Action.

The first question before the Court is whether the facts necessary to establish a "willful and malicious injury" under § 523(a)(6) were actually litigated and determined in the Tulsa County Action. In the Sanctions Judgment, the Tulsa County Court found that Defendant violated section 2011(B) of title 12 of the Oklahoma Statutes. The Tulsa County Court enumerated Defendant's behavior in the Tulsa County Action that supported that finding:

> 1. The Defendant has violated OKLA. STAT. tit. 12, § 2011(B) by filing herein the: (1) February 16, 2017 Motion to Vacate; (2) March 6, 2017 Motion to Dismiss Court Order for "Judgment Debtor" to Attend March 9-17 Hearing; (3) April 4, 2017 Motion to Stay Enforcement of Judgment; and (4) July 14, 2017 Motion to Vacate Bond, Order of Judgment.
> 2. Defendant's pleadings were presented improperly and frivolously to harass, unnecessarily delay, and needlessly increase the cost of the litigation.
> 4. Defendant's pleadings contained claims, defenses, and other legal contentions that were unwarranted by existing law.
> 5. Defendant's pleadings contained allegations and factual contentions that did not have evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
> 6. Defendant's pleadings contained denials of factual contentions that were not warranted on the evidence.[57]

The Defendant's act or conduct at issue is the filing of four separate pleadings. The Tulsa County Court found that "Defendant's pleadings were presented improperly and frivolously to harass, unnecessarily delay, and needlessly increase the cost of the litigation," and that "Defendant's

---

[57] Docket No. 54-7, at 36-37 ¶ 4-6.

17

behavior with respect to this litigation was conducted in bad faith and was oppressive."[58] Section 2011(E) of title 12 of the Oklahoma Statutes defines the term "frivolous" to mean "the action or pleading was knowingly asserted in bad faith or without any rational argument based in law or facts to support the position of the litigant or to change existing law."[59] The Tulsa County Court's conclusion that Defendant *improperly* presented pleadings "to *harass*, *unnecessarily* delay, and *needlessly* increase the costs of litigation" is equivalent to a finding that she presented the pleadings with the specific intent of injuring Plaintiffs. The court made a subjective finding regarding Defendant's state of mind, i.e., that she filed the named pleadings with the *intent* that such filings would harass Plaintiffs and cause unnecessary delay and needless increase in the cost of litigation, thus satisfying the element of willfulness under § 523(a)(6). The Tulsa County Court's findings that Defendant acted *frivolously, oppressively,* and in *bad faith* are the equivalent of a finding that her behavior was wrongful and malicious under § 523(a)(6). The Tulsa County Court found that Plaintiffs were actually injured, when it found "Defendant's pleadings did, in fact, unnecessarily delay and needlessly increase the cost of the litigation."[60] The court calculated Plaintiffs' injury to be $5,591.45. The Tulsa County Court did not include lesser, alternative grounds on which to base its determination of Defendant's behavior. Nor was it discussing Defendant's general litigation behavior, but instead addressed Defendant's filing of four discrete, oppressive pleadings, making its conclusions essential to the judgment. Taken together, this Court must conclude that the findings of the Tulsa County Court in the Sanctions Judgment are sufficient to establish that

---

[58] Docket No. 54-7, at 36-37 ¶ 2 & 7.

[59] *See* Okla. Stat. tit. 12, § 2011(E).

[60] Docket No. 54-7, at 36 ¶ 3.

the sanctions awarded were the result of a willful and malicious injury to Plaintiffs, as those terms are used in § 523(a)(6).

The parties to this litigation are the same as the parties to the Tulsa County Action. The Sanctions Judgment represents a final order, issued on motion of the Plaintiffs. Defendant received notice of the motion, filed a response, and was given notice of the hearing on the motion. A hearing was held, after which the Tulsa County Court issued its judgment. The Court cannot know why Defendant did not appear at the hearing, but finds that she had a full and fair opportunity to participate in the proceeding. Having been informed that imposition of sanctions was requested by Plaintiffs, she also had every incentive to litigate the matter.[61] Despite Defendant's failure to attend the hearing on the Plaintiffs' motion, the Court finds that the issues before the Tulsa County Court were actually litigated and determined by the Tulsa County Court.[62]

The Court finds that under Oklahoma law, Plaintiffs have met their burden to show that the Sanctions Judgment makes findings of fact that are equivalent to the elements it must prove under § 523(a)(6). Under Oklahoma law, the doctrine of issue preclusion will preclude this Court from relitigating those issues. Therefore, summary judgment on the non-dischargeability of the Sanctions Judgment is appropriate.

---

[61] *See* Okla. Stat. tit. 12, § 2011(C)(2) (". . .the sanction may consist of, or include, . . . if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys fees and other expenses incurred as a direct result of the violation.").

[62] *See, e.g., In re Keaty*, 397 F.3d 264 (5th Cir. 2005) (Finding "courts regularly apply the doctrine of issue preclusion in instances when there has not been a trial or evidentiary hearing in the first case. . . . The requirement that an issue be 'actually litigated' for collateral estoppel purposes simply requires that the issue is raised, contested by the parties, submitted for determination by the court, and determined.").

## Conclusion

Plaintiffs' Motion for Summary Judgment is granted in part and denied in part. The Court finds that there are genuine disputes of material fact with regard to Defendant's state of mind with regard to the Defamation Judgment, and summary judgment on exception of that judgment from discharge must be denied. With regard to the Sanctions Judgment, Plaintiffs have presented sufficient evidence to meet their burden under § 523(a)(6), and Defendant may not relitigate those issues in this forum. Plaintiffs are entitled to judgment as a matter of law under § 523(a)(6). Summary judgment on that matter will issue.

A separate judgment consistent with this Memorandum Order is entered concurrently herewith.

Dated this 11th day of August, 2020.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

7445v4